**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Ana Lourdes Mijangos Rodriguez, | No.    CV-26-02562-PHX-JJT (ASB) |
| Petitioner, | |
| v. | **ORDER TO SHOW CAUSE** |
| Markwayne Mullin, *et al.*, | |
| Respondents. | |

Petitioner has filed a Petition Under 28 U.S.C. § 2241 (Doc. 1) challenging her immigration detention, a Motion for Temporary Restraining Order (Doc. 2), and two Motions for Order to Show Cause (Docs. 3, 4).

**I.      Petition and Motions for Order to Show Cause**

Petitioner states that she is a native and citizen of Guatemala who entered the United States on November 1, 2023. (Doc. 1 ¶ 12.) Petitioner sought asylum via the CBP One program and was granted parole. (*Id.*) In March 2026, Petitioner was re-detained by United States Immigration and Customs officials without a pre-deprivation hearing. (*Id.* ¶ 16.) She filed a motion for custody redetermination, and on April 3, 2026, an immigration judge apparently concluded that he lacked jurisdiction to grant Petitioner release on bond. (*Id.*) Petitioner seeks release from custody or, in the alternative, an individualized bond hearing at which the government bears the burden of proving by clear and convincing evidence that Petitioner is a danger to the community or a flight risk.

. . . .

Numerous courts have concluded that individuals like Petitioner, who were released from immigration detention, are entitled to a pre-deprivation hearing prior to any rearrest or detention as a matter of due process. *See, e.g., J.C.E.P. v. Wofford*, CV-25-01559-EFB (HC), 2025 WL 3268273, *6 (E.D. Cal. Nov. 24, 2025) (collecting cases); *Ramirez Clavijo v. Kaiser*, CV-25-06248-BLF, 2025 WL 2419263, at *6 (N.D. Cal. Aug. 21, 2025) ("Petitioner thus has shown a likelihood of success on the merits of her claim that she is entitled to a pre-deprivation hearing before a neutral decisionmaker prior to any re-arrest or detention under the Due Process Clause."); *Singh v. Andrews*, CV-25-00801-KES-SKO (HC), 2025 WL 1918679, at *8 (E.D. Cal. July 11, 2025) ("On balance, the *Mathews* factors show that petitioner is entitled to process, and that process should have been provided before petitioner was detained.").

Accordingly, the Court will order Respondents to show cause why the Petition should not be granted. Any response must be supported by documentary evidence including, if applicable, affidavits signed under penalty of perjury by individuals with personal knowledge of the factual statements made therein. The Court will also grant Petitioner's Motions for Order to Show Cause insofar as this Order requires Respondents to show cause why the Petition should not be granted.

## II.     Motion for Temporary Restraining Order

Petitioner seeks an Order enjoining Respondents from transferring Petitioner outside the District of Arizona without prior authorization from the Court and requiring Respondents to provide Petitioner and the Court with 48 hours' notice of any proposed out-of-district transfer.

Petitioner contends that an out-of-district transfer would cause immediate irreparable harm because it would impair her access to counsel and the Court, interfere with the preparation and submission of evidence, and risk "delay or frustration of meaningful relief by changing custodians and complicating enforcement of any Court order." However, given that Petitioner's counsel is already located in a different District from Petitioner (New Jersey), it is not clear how an out-of-district transfer would disrupt

Petitioner's access to either her attorney or this Court. And to the extent Petitioner contends that a transfer would interfere with this Court's ability to grant relief, her argument is misplaced, as post-filing transfers do not operate to deprive a court of habeas jurisdiction. *See Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990) ("It is well established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." (quoting *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985))); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."). Accordingly, Petitioner has failed to show that she is likely to suffer irreparable harm in the absence of the requested relief, and the Motion for Temporary Restraining Order will be denied accordingly.

**IT IS ORDERED:**

(1)     Petitioner's Motions for Order to Show Cause (Docs. 3, 4) are **granted in part** insofar as this Order requires Respondents to show cause why the Petition should not be granted. In all other respects, the Motions are **denied**.

(2)     Petitioner's Motion for Temporary Restraining Order (Doc. 2) is **denied**.

(3)     Counsel for Petitioner must immediately serve the Petition (Doc. 1) and a copy of this Order on Respondents.

(4)     If not already issued, the Clerk of Court must issue any properly completed summonses.

(5)     The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at Theo.Nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

. . . .

(6)     Respondents must show cause no later than **April 22, 2026**, why the Petition should not be granted.

(7)     Petitioner may file a reply no later than **April 24, 2026**.

Dated this 15th day of April, 2026.

_____
Honorable John J. Tuchi
United States District Judge

- 4 -